Military fay; discharge; entitlement to aetwe d/aty fay; u/nexcusable absence without leave. — While serving as a private in the United States Army, plaintiff became absent from military control, and remained absent for over 2 years. During his absence he had been arrested, tried and convicted by civilian authorities in Georgia. After his return to the Army, and while an investigation was pending, he again became absent without leave for a period of 10 days. Plaintiff was tried by General Court-Martial on two specifications of absence without proper authority; he was found not guilty on the first specification (based on his first absence) because the report noting plaintiff’s absence was fatally defective; he *1129 was found guilty on the second specification (based on his second absence). Plaintiff was subsequently discharged, and seeks here back pay for the 2-year period. This case came before the court on defendant’s motion for summary judgment. Upon consideration thereof, together with plaintiff’s, fro sc, opposition thereto, without oral argument, the court concluded that (a) the Army had valid authority to determine that plaintiff’s absence without leave was not excusable, despite 'his acquittal by court-martial (see Borys v. United States, 201 Ct. Cl. 597, cert. denied, 414 U.S. 1001 (1973)), and (b) the Army’s determination against plaintiff was not improper or arbitrary in the circumstances (see Borys v. United States, supra; Beaty v. Kenan, 420 F. 2d 55 (9th Cir.1969); Forbes v. Laird, 340 F. Supp. 193 (E.D. Wis. 1971); Roberts v. Commanding General, 314 F. Supp. 998 (D. Md. 1970); and McFarlane v. De Young, 311 F. Supp. 321 (N.D. Cal 1970)). On October 19,1973, by order, the court granted defendant’s motion and dismissed the petition.